UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SARAH MULLIGAN                                      Index No.:

              Plaintiff,

    -against-                                    **COMPLAINT**

                                    **JURY TRIAL DEMANDED**
EASTPORT SOUTH MANOR CENTRAL
SCHOOL DISTRICT, LONG ISLAND FURY
VOLLEYBALL CLUB, GARDEN
EMPIRE VOLLEYBALL ASSOCIATION, INC.,
DAYLE A. BRENNER, LCSW-R, SUFFOLK
COUNTY, DONALD CONSORTE,
ALLAN CONCEPCION, and JOHN DOE
NUMBERS 1-10,

              Defendants.
-------------------------------------------------------------------X

       Plaintiff, Sarah Mulligan, by her attorneys, Raiser & Kenniff, P.C., for her complaint,

alleges as follows:

## NATURE OF ACTION

       1.    This is a civil rights action that arises out of a sexual relationship in which

Plaintiff, as a minor, was abused over a period of several years by her coach, and purported

mentor, Allan Concepcion ("Concepcion"), while he was under the auspices of his role as an

assistant coach and substitute teacher for the Defendant School District and Volleyball teams.

This abuse involved numerous sexual encounters, both on the property of the Defendant School

District and outside of school grounds during various volleyball related events.  Defendants

were, or should have been aware of the relationship between Concepcion and Plaintiff, because

the head coach Donald Consorte ("Consorte"), was made aware of facts indicating the

inappropriate relationship, yet nothing was done to stop the sexual encounters, and despite the

fact that Concepcion had, upon information and belief, previously abused another minor. This suit also includes Plaintiff's therapist Dayle A. Brenner, LCSW-R ("Brenner") who knew about, but failed to report, the unlawful sexual relationship.

2.      Plaintiff seeks to recover money damages arising out of Defendants' violations of Plaintiff's rights as secured by the Constitution and laws of the United States and the laws of the state of New York. This action specifically seeks the following damages: for violations of 42 U.S.C. § 1983; for violations of 20 U.S.C. § 1681 *et seq.*, also known as Title IX of the Education Act Amendments of 1972 ("Title IX"); for negligent supervision of Concepcion; damages for negligent hiring/retention of Concepcion; for intentional infliction of emotional distress; damages for breach of fiduciary duty; for negligent infliction of emotional distress; for professional malpractice and for sexual assault.

## JURISDICTION

3.      This Court has personal jurisdiction over Plaintiff and Defendants on the basis of their domicile in the Eastern District of New York. This Court also has personal jurisdiction over Defendant Concepcion under because he caused tortious injury in this District by an act or omission in the District, namely, engaging in a sexual relationship with Plaintiff.

4.      This Court has subject matter jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983 and Title IX pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

## VENUE

5.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in the District, the Defendants are located there, and the events giving rise to Plaintiff's claims occurred in the District.

## JURY DEMAND

6.      Plaintiff demands trial by jury in this action.

## PARTIES

7.      Plaintiff is a citizen of the United States and New York State and during the relevant time periods relevant to the allegations of this Complaint was resident in the County of Suffolk, State of New York.

8.      Defendant Suffolk County ("Suffolk" or the "County") at all relevant times is and was a municipal corporation organized under the laws of the State of New York.

9.      The County operates the Defendant Eastport South Manor Central School District (the "District" or "ESMC"), which employed Consorte and Concepcion, who are being sued in their official and individual capacities and who each received their appointment, training, supervision, promotion, and discipline from supervisory employees employed by the County through the District.

10.     Defendant Brenner is a licensed clinical social worker who resides in the County and is licensed by New York State.

## STATEMENT OF FACTS

11.     Plaintiff is currently a 20-year-old college student who, during all times relevant to this Complaint, was a minor who attended the District and played for the District's volleyball team from grades 8 through 12.

12.     Defendant Concepcion is a former substitute teacher and assistant and head coach at the District and assistant coach for the Defendant Long Island Fury Volleyball Club (the "Fury") and associated with the Garden Empire Volleyball Association, Inc. ("GEVA"), and who worked for the District from at least 2012 through May of 2013 (when he was arrested).

13.     A Notice of Claim was served upon Defendants via the Suffolk County Attorneys' Office, on or about January 30, 2015, informing them and noticing them as to the claims of wrongful conduct and the damages as required by the general municipal law. The Notice of Claim clearly indicates sufficient notice to Defendants of the serious injuries suffered by Plaintiff, which are continuing to date.  General Municipal Law Section 50(h) hearings were held on June 11, 2015 and August 6, 2015.

14.     Plaintiff first met Concepcion when she was a volleyball player on the Fury, GEVA and for the District, beginning when she was in Middle School in 8th grade.  As a coach and one of the substitute teachers at Plaintiff's school, Concepcion had a unique relationship with and access to Plaintiff.  Concepcion took advantage of that special relationship with Plaintiff and gave Plaintiff his personal phone number.  Concepcion would frequently text and call Plaintiff as part of his effort to seduce Plaintiff into a sexual relationship.  The texting occurred beginning in at the start of her 10th grade year at the High School when he was Plaintiff's junior varsity coach.

15.     When Concepcion was a substitute teacher at the District, Plaintiff would cut her classes to spend time with Concepcion while he was substitute teaching.  On one such occasion while in a classroom alone with Plaintiff, Concepcion stroked Plaintiff's leg.  Ultimately, Concepcion initiated a sexual relationship with Plaintiff on or about late January 2013.  The abuse of Plaintiff began on or about January 2013 and continued until approximately May 2013.

16.     Various sexual encounters between Concepcion and Plaintiff occurred during the following volleyball tournament dates:  February 10, 2013, February 16-18, 2013, March 29 -31, 2013; and additionally during January 29, 2013 and February 6, 2013.

17.     The sexual abuse of Plaintiff by Concepcion took place in various locations, including: several times on the grounds of the District's Dayton Elementary School parking lot; during tournaments, including, but not limited to the Capital Hill Classic DC, the Albany Great N'easter; the NEQ Pennsylvania; the GEVAS Downstate, the GEVA Regionals and at the Le Meridian Hotel in Pennsylvania and during the DC tournament in the Capitol Hilton.

18.     Plaintiff would occasionally skip school and meet Concepcion at the parking lot of the Dayton Elementary School where, on one occasion, security at the High School unlocked the school gate so Plaintiff could meet Concepcion in his car at the Dayton Elementary School.  Concepcion also frequently drove Plaintiff home from school, and the two would regularly have sexual intercourse in his house.  The abuse also occurred at the parking of Concepcion's car at the King Kullen parking lot in Eastport, New York, at the Chase bank parking lot in Center Moriches, New York, at a parking lot in Shoreham Wading River, New York and at the Center Moriches Library parking lot.

19.     Defendant Consorte at various times during the course of volleyball tournaments was made aware of facts that would have lead a reasonable person to question whether Concepcion and Plaintiff were engaged in an unlawful sexual relationship.  These facts included that Plaintiff was found on Concepcion's floor of the hotel (including at the Capital Hill Classic Tournament in Washington, D.C.).  This observation of Plaintiff on the same hotel floor as Concepcion was despite the fact that Plaintiff and the other student athletes were staying on a separate floor.

20.     Aside from seeing Plaintiff on Concepcion's hotel floor, Plaintiff was also rumored to have been spending an inordinate amount of time with Concepcion in comparison to the other student athletes.  After the relationship was discovered, Consorte went out of his way to retaliate against Plaintiff by preventing her from playing in the same manner as she had previously on the District team and precluding her from getting enough playing time to be eligible for team awards.

21.     The District and the County failed in their responsibility to adequately provide training, hiring and/or supervising of employees, amounting to a deliberate indifference to the Plaintiff's rights.  By this deliberate indifference, the District and the County deprived Plaintiff of her Constitutional due process right to bodily integrity free from unjustifiable government interference; permitting, subjecting Plaintiff to and failing to prevent sexual harassment and discrimination, of which they had or should have had knowledge of and were deliberately indifferent.

22.     The misconduct of the County and the District was so severe, pervasive and objectively offensive that it deprived Plaintiff of access to the educational opportunities and benefits to which she was legally entitled.  The District and the County also breached their duty of care to Plaintiff by failing to prevent and subjecting her to an inappropriate and injurious physical relationship that caused her and resulted in trauma and harm; permitting Claimant to be subjected to a hazardous, unsafe, injurious, dangerous and inappropriate and illegal physical sexual relationship as Plaintiff was 16 years old.

23.     The District and the County are also guilty of violating their internal rules, regulations, official policies and customs regarding relationships and contact with students, which inflicted injury on Plaintiff; depriving her of her rights, privileges and immunities secured by the Constitution and law of the United States, including the right to an education, the right to be free from unwanted physical and/or sexual conduct, and the right to be free from intrusions into her physical person.

24.     The District and the County are also liable for failing to adequately train, supervise or hire their employees, amounting to a deliberate indifference to Plaintiff's rights. The District and the County are also guilty of failing to properly investigate, evaluate and monitor their employees over the course of employment.

25.     The District and the County are also liable for acting with callous disregard and deliberate indifference, thereby placing Plaintiff in danger and subjecting her to unauthorized contact of a sexual nature and violation of her physical person after having notice of same.

26.     The District and the County are also guilty of taking adverse action against Plaitiff and/or acting with deliberate indifference toward her after becoming aware of the unauthorized and inappropriate sexual contact involving the Plaintiff, causing her to be humiliated and ostracized as a result of the inappropriate and unauthorized physical contact involving Plaintiff and acting in a severe, pervasive and objectively offensive manner such that Claimant was constructively and effectively prevented access to educational opportunities and benefits.  Plaintiff was prevented from playing on the District team in the manner she had previously in that her playing time was reduced and she was obligated to play different positions on the volleyball team.

27.     The County and the District are also guilty of allowing Claimant to be placed in, danger; engaging in, permitting and failing to prevent unauthorized and inappropriate conduct of a physical and sexual nature that subjected Claimant to harassment of a sexual nature in a manner that was severe and which changed the condition of Claimant's education environment and/or created a hostile or abusive educational environment for the Claimant.

28.     The District and the County also is guilty of creating, allowing and permitting a hostile educational atmosphere and environment which deprived Claimant access to the educational opportunities and benefits afforded to her under the law; failing to take disciplinary or other remedial action to prevent and arrest the inappropriate, unauthorized and unwanted sexual contact involving the Claimant;  knowingly retaliating against Claimant for engaging in the protected activity against sexual assault and inappropriate touching.

29.     Defendant Brenner became aware of the inappropriate sexual relationship between Concepcion and Plaintiff in early February 2013.  Defendant Brenner failed to report that inappropriate relationship to the authorities, however.  Defendant Brenner therefore violated Plaintiff's rights by failing to protect Plaintiff against unwanted, inappropriate and unauthorized physical contact of a sexual nature; failing to contact and report the unwanted, inappropriate and unauthorized physical contact of a sexual nature to the proper authorities, including but not limited to Child Protective Services and the Police, upon obtaining knowledge and notice of such occurrences.

30.     Defendant Brenner is also liable for failing to uphold and adhere to the professional duties, responsibilities and requirements of a Licensed Clinical Social Worker, departing from the accepted standards of Licensed Clinical Social Worker practice, which caused Claimant to suffer and sustain significant injury; and violating the professional code of practice for a Licensed Clinical Social Worker

31.     As a result of Defendants' conduct, Plaintiff has suffered from emotional distress, physical injury, pain, suffering, economic injury, psychological injury and trauma, mental anguish, depression, humiliation, embarrassment, injury to reputation, and deprivation and denial of Claimant's right to an education, compensatory damages, pecuniary loss, punitive and exemplary damages, deprivation and denial of due process and compromise/loss of her Constitutional Rights under the United States and New York State Constitution.  Plaintiff has also suffered maltreatment, harassment and/or retaliatory treatment from the District's employees, teachers and students; and other injuries and damages that have not yet fully manifested and have not yet been assessed and determined.

32.     As a direct and proximate result of the actions of Defendants, Plaintiff has suffered various injuries, including but not limited to the following: physical, psychological, and emotional injury; past and future degradation and mental anguish; suffering and embarrassment; loss of and damage to reputation.

## FIRST CAUSE OF ACTION
**(Violation Of Rights Secured By 42 U.S.C. § 1983 And By The Fourth,
Fifth And Fourteenth Amendments Of The United States Constitution
Against The District, County, Concepcion And Consorte)**

33.     Each and every allegation set forth in the preceding paragraphs is hereby incorporated by reference with the same effect as if fully set forth herein.

34.     At all times relevant herein, the conduct of the Defendant District, the County, Concepcion, Consorte, are subject to the provisions of 42 U.S. Code §1983.

35.     During the time period relevant to this Complaint, there existed clearly a recognized federal right under the Due Process Clause of the Fourth, Fifth, and Fourteenth Amendments to be free from conduct that violated Plaintiff's bodily integrity.

36.     The County and the District had during the relevant time period a custom, policy or practice of responding inappropriately to allegations of sexual misconduct that injures female students, as shown by their failure to protect Plaintiff, failure to take an adverse employment action against Concepcion in the face of evidence of sexual misconduct, and failure to timely acknowledge reports from teachers and staff of a suspected sexual relationship.

37.     Upon information and belief, the District and the County have responded inappropriately to allegations of abuse in other situations by cultivating an atmosphere where teachers are afraid to report abuse

38.    The District and County have a custom, policy or practice of inappropriately handling sexual abuse of students, as demonstrated by the many failures at various schools in the District.

39.    Upon information and belief, the decision not to terminate Concepcion and failure to properly investigate his sexual relationship with Plaintiff was made by a final municipal decisionmaker and is properly attributable to the District and the County

40.    The District and the County's decisions, customs, policies or practices have violated Plaintiff's rights under the Due Process Clause of the Fifth Amendment to be free from conduct that violates her bodily integrity.

41.    The District and the County's customs, policies and practices also have violated Plaintiff's rights under the Equal Protection clause of the Fifth Amendment to be free from discrimination on the basis of her sex.

42.    Concepcion was acting under the color of law when he engaged in a sexual relationship with Plaintiff in that Concepcion was Plaintiff's coach, and he engaged in sexual encounters with Plaintiff on school property and while acting as a coach and agent for the District.

43.    Concepcion's sexual relationship with Plaintiff violated her rights under the Due Process clause of the Fifth Amendment to be free from conduct that violates her bodily integrity.

44.    Concepcion's conduct also violated Plaintiff's rights under the Equal Protection clause of the Fifth Amendment to be free from discrimination on the basis of her sex (as well as the Penal law for statutory rape).

45.     The joint, several, and concerted actions of Concepcion combined with the failure of Consorte to report the misconduct of Concepcion, acting under color of state law in his official capacity as a teacher for the District in ignoring the abuse of Plaintiff showed a reckless disregard for the natural and probable consequences of his acts and was done without lawful justification and was designed to cause, and did cause, past and future injuries in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the United States Constitution.

46.     As a direct and proximate result of all of Defendants' wrongful acts, policies, practices, customs and/or usages complained of herein, Plaintiff suffered injuries and damages but not limited to past and future psychological and emotional injury, physical injury, humiliation, anguish, suffering, and embarrassment and loss of and damage to reputation, without any negligence on the part of Plaintiff.

### SECOND CAUSE OF ACTION
**(Violation of Title IX (20 U.S.C. § 1681 *et seq.*)**
**Against The District, County, Concepcion And Consorte)**

47.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

48.     The District and the County had actual knowledge of, or reasonably should have had knowledge of, Concepcion's sexual relationship with Plaintiff, as shown by the various times the Consorte witnessed Plaintiff being together at the hotels at volleyball tournaments and by the fact that Plaintiff snuck out of school during school hours past security guards who should have been aware of Plaintiff's inappropriate relationship with Concepcion.

49.     The District and the County, by failing to stop the sexual relationship and by failing to discipline Concepcion or conduct a formal investigation, exhibited deliberate indifference toward Plaintiff.

50.     The District and the County's conduct thereafter deprived Plaintiff of the benefits of an education, in that she was subjected to constant harassment by her peers, suffered stress, and was unable to focus on her classes.

51.     The District and the County's conduct further deprived Plaintiff of the benefits of an education in that her abuse by Concepcion resulted in extensive retaliatory treatment by her teachers and coaches and ostracization fellow students.

52.     As a direct and proximate result of Defendants' wrongful acts policies, practices, and custom, Plaintiff herein suffered injuries and damages including, but not limited to: psychological and emotional injury; physical injury; past and future degradation and anguish; suffering and embarrassment; and loss of reputation.

### THIRD CAUSE OF ACTION
**(Negligent Supervision Against The District And The County)**

53.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

54.     The District and the County owed a duty of care to the students in the District to properly supervise District employees, including Concepcion.

55.     The District and the County breached this duty to Plaintiff by permitting Concepcion to have contact with Plaintiff and by leaving Concepcion alone with Plaintiff during breaks in the volleyball schedule and allowing him to drive her home after games and tournaments.

56.     The District and the County knew or should have known about Concepcion's sexual relationship with Plaintiff because Consorte was put on notice of the inappropriate relationship between Concepcion and Plaintiff.

57.     The District's and the County's breaches enabled Concepcion to behave in an inappropriate manner by having sex with Plaintiff in his car, on and off school property.

58.     Plaintiff has been injured by the District's and the County's breaches in that she was subjected to sexual abuse by Concepcion.  The District's and the County's conduct caused Plaintiff severe emotional and financial distress.

59.     As a direct and proximate result of Defendants' wrongful acts policies, practices, and custom, Plaintiff herein suffered injuries and damages including, but not limited to: psychological and emotional injury; physical injury; past and future degradation and anguish; suffering and embarrassment; and loss of reputation.

### FOURTH CAUSE OF ACTION
**(Negligent Hiring/Retention Against The District And The County)**

60.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

61.     The District and the County owed a duty of care to hire and retain employees who are fit to teach and coach students.

62.     The District and the County breached this duty to Plaintiff by hiring and/or retaining Concepcion as a substitute teacher and coach, when they knew or should have known that Concepcion had engaged in inappropriate relationships with students in the past.

63.     The District's and the County's breach and negligence enabled Concepcion to have an inappropriate sexual relationship with Plaintiff.

64.     Plaintiff has been injured by the District's and the County's breach in that she was subjected to sexual abuse by Concepcion and that abuse conduct caused Plaintiff severe emotional and psychological distress.

65.     At all times relevant herein, the Defendant District and the County have been grossly negligent and negligent in the hiring, supervision, training, and monitoring of Concepcion and Consorte.

66.     As a direct and proximate result of the wrongful acts, policies, practice and customs complained of herein, Plaintiff suffered injuries and damages, including, but not limited to: psychological, and emotional injury; past and future physical degradation, mental anger, and embarrassment; loss of and damage to reputation; without any negligence on the part of Plaintiff.

<u>**FIFTH CAUSE OF ACTION**</u>
**(Intentional Infliction Of Emotional Distress**
**Against The District, The County, And Concepcion)**

67.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

68.     The District and the County engaged in extreme and outrageous conduct by failing to stop the sexual relationship between Concepcion and Plaintiff. The District and the County acted intentionally or recklessly by failing to stop the relationship, despite the fact that Consorte was aware of facts that would have lead a reasonable employee to investigate Concepcion's conduct and question whether there existed a sexual relationship with Plaintiff.

69.     The District's and the County's conduct caused Plaintiff severe emotional distress in that she was subjected to sexual abuse by Concepcion.

70.     Concepcion also engaged in extreme and outrageous conduct by engaging in a sexual relationship with Plaintiff, his student, both on and outside of school grounds. Concepcion intentionally engaged in sexual conduct with Plaintiff while knowing that she was a minor. Concepcion additionally knew that Plaintiff as his player and mentee relied on him for emotional support and advice.  Concepcion's conduct caused Plaintiff severe emotional distress.

71.     Defendants' conduct was extreme and outrageous and beyond all possible bounds of decency and utterly intolerable in a civilized community.

72.     The actions of Defendants were the direct cause of Plaintiff's distress and injuries.

73.     As a result of the Defendants' extreme and outrageous conduct, Plaintiff will, with a high degree of likelihood, continue to be distressed.

## SIXTH CAUSE OF ACTION
### (Breach of Fiduciary Duty Against All Defendants)

74.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

75.     The District and the County owed Plaintiff a fiduciary duty because Plaintiff placed a special confidence in the District to provide for her education and coaching needs.

76.     The District and the County breached this duty by hiring Concepcion, when they knew or should have known that Concepcion had engaged in inappropriate relationships with students in the past.

77.     The District and the County also breached this duty by failing to supervise Concepcion, thereby allowing him to engage in a sexual relationship with Plaintiff.

78.     Plaintiff has been injured by the District's and the County's breaches in that she was subjected to sexual abuse by Concepcion and now suffers severe emotional and psychological distress.

16

79.     Consorte and Concepcion owed Plaintiff a fiduciary duty because of the special trust and confidence Plaintiff placed in them, as her teacher and/or coaches, to provide sound advice and counseling.

80.     Concepcion breached this duty by engaging in a sexual relationship with Plaintiff and Plaintiff has been injured by his breach in that she also suffers severe emotional and psychological distress.

81.     Consorte breached his fiduciary duty by failing to report on the suspicious circumstances involving Concepcion's relationship that would have lead a reasonable person in his position to report and/or investigate whether there was a sexual relationship between the two. Plaintiff has been injured by his breach in that she also suffers severe emotional and psychological distress.

82.     Brenner owed Plaintiff a fiduciary duty because of the special trust and confidence Plaintiff placed in her, as her therapist, to provide sound advice and counseling.

83.     Brenner breached her fiduciary duty by failing to report on the sexual relationship Concepcion's was engaging in with Plaintiff as a minor.

84.     As a direct import, proximate result of Defendants' wrongful acts, policies, practices, and usages herein, Plaintiff suffered injuries and damages including, but not limited to: psychological and emotional injury; personal injury; past and future degradation and mental anguish; suffering and embarrassment; loss of, and damage to her reputation, without any negligence on the part of Plaintiff.

## SEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

85.     Each and every allegation set forth in the preceding paragraphs is incorporated

herein by this reference with the same effect as if fully set forth herein.

86.     Brenner and Consorte engaged in extreme and outrageous conduct by failing to

stop the sexual relationship between Concepcion and Plaintiff.  They acted negligently or

recklessly by failing to stop the relationship, despite the fact that Consorte was aware of facts

that would have lead a reasonable employee to investigate Concepcion's conduct and question

whether there existed a sexual relationship with Plaintiff and despite the fact that Brenner was

aware of the relationship as early as late January, early February 2013.

87.     This negligent conduct caused Plaintiff severe emotional distress in that she was

subjected to continuing sexual abuse by Concepcion that could have been prevented.

88.     Defendants' conduct was extreme and outrageous and beyond all possible bounds

of decency and utterly intolerable in a civilized community.

89.     The actions of Defendants were the direct cause of Plaintiff's distress and injuries

90.     As a result of the Defendants' extreme and outrageous conduct, Plaintiff will,

with a high degree of likelihood, continue to be distressed.

91.     As a direct and proximate result of the Defendants' wrongful acts, policies,

practices, customs, and/or usages complained of herein, Plaintiff suffered injuries and damages,

including but not limited to:  physical, psychological, and emotional injury; past and future

degradation and mental anguish; suffering and embarrassment; loss of and damage to reputation,

without any negligence on the part of Plaintiff contributing thereto.

## EIGHTH CAUSE OF ACTION
### (Professional Malpractice Against Brenner)

92.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

93.     Brenner stood in a relationship of privity, or akin to privity, with respect to Plaintiff by virtue of her status as her therapist.  Brenner was hired to provide therapy services to Plaintiff as a Licensed Clinical Social Worker.

94.     Brenner made a commitment to Plaintiff, orally, and/or through her actions, that she would in fact provide effective therapy, and she owed a duty to Plaintiff to do so.  Brenner therefore had a special relationship and also had a duty to use ordinary care with respect to her treatment of Plaintiff and in connection with her dealings with her.

95.     Brenner failed to use ordinary care when she failed to report the unlawful sexual relationship between Plaintiff and Concepcion.  Brenner, as a mandatory reporter of such misconduct, in the exercise of ordinary care, should have known to report the inappropriate relationship to the authorities.

96.     This failure to report the relationship constituted professional malpractice.  In failing to report the sexual relationship between Plaintiff and Concepcion, Defendants failed to exercise due care, and materially deviated from the recognized and accepted professional standards for therapists by failing to act with reasonable care.  Additionally Brenner engaged in malpractice by violating the standards and other customary rules and practices applicable to Licensed Clinical Therapists.

97.     Brenner thus breached her duty by virtue of her professional malpractice and that constituted the proximate cause of damages to Plaintiff.  As a direct and proximate result of this professional negligence/malpractice, Plaintiff has suffered damages in an amount to be determined at trial.

### NINTH CAUSE OF ACTION
### (Sexual Assault Against Concepcion)

98.     Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

99.     At various times between January and May 2013, Defendant Concepcion sexually assaulted Plaintiff by engaging in unlawful sexual intercourse with her while she was a minor.

100.     As a minor, Plaintiff could not consent to these intentional contacts by Concepcion.  These contacts were objectively offensive to Plaintiff.

101.     Plaintiff suffered and continues to suffer from severe emotional distress proximately caused by Concepcion's sexual abuse and offensive contacts.

102.     Plaintiff should be awarded compensatory damages against Concepcion in an amount to be determined at trial, but no less than any required jurisdictional amount of this Court.  Plaintiff's injuries were proximately caused by Concepcion's wrongful conduct, which arose from his malicious motives, and therefore, Plaintiff also seeks punitive damages for this cause of action in a sum to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request judgment against Defendants as follows:

    a.   compensatory damages against all Defendants jointly and severally;

    b.   punitive damages against Concepcion individually;

    c.   to convene and impanel a jury to consider the issues of these claims;

    d.   reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988; and

    e.   such other and further relief as this Court deems just and proper.

Dated: Mineola, NY
      July 14, 2016

                      Respectfully,

                      **RAISER & KENNIFF, P.C.**

                      Anthony J. Colleluori, Esq.
                      300 Old Country Road, Suite 351
                      Mineola, New York 11501
                      (516) 742-7600 (t)
                      (516) 742-7618 (f)
                      acolleluori@raiserkenniff.com

                      *Attorneys For Plaintiff*

# VERIFICATION

STATE OF NEW YORK     )
                      Suffolk     ) ss.:
COUNTY OF NASSAU      )

SARAH MULLIGAN being sworn, deposes and says:

I am the Plaintiff in the within action; he has read the within Verified Complaint and knows the contents thereof; and the same is true to his own knowledge, except and to the matters herein stated to be alleged upon information and belief, and as to those matters, he believes them to be true.

_____
SARAH MULLIGAN

Sworn to before me this

15 day of July, 2016

_____
Notary Public

```
ANTHONY GEORGE SORBERA JR
Notary Public - State of New York
NO. 01SO6230393
Qualified in Suffolk County
My Commission Expires Nov 1, 2018
```

22